**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

Civil Action Number:

JUAN CARLOS GIL,

      Plaintiff,

vs.

BURGER KING CORPORATION,

      Defendant

---

## COMPLAINT

---

COMES NOW Plaintiff Juan Carlos Gil, by and through his undersigned counsel, hereby files this Complaint and sues  Defendant Burger King Corporation for injunctive relief, attorney's fees and costs (including, but not limited to, court costs and expert fees) pursuant to Title III of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§s 12181-12189 ("ADA"), 28 C.F.R. Part 36 and alleges as follows:

### INTRODUCTORY STATEMENT

1.      Plaintiff Juan Carlos Gil brings this action in Federal Court to stop the marginalization of blind, vision impaired, and low vision patrons of Defendant Burger King Corporation's www.bk.com and www.bkdelivers.com ("websites"). These websites are an extension of Burger King Corporation's fast food restaurants located throughout the United States of America, where the groundbreaking "American with Disabilities Act" has been the law of the land for over twenty-six years.

1

2.      Companies operating on internet twenty years (20) after consumers starting using the internet to better lives, business and governments have to make decisions on whether to be inclusive, or to exclude people.

3.      When the owners and operators of a websites do not take the steps necessary to notice people of their websites' limitations or to provide programming that works (interfaces) with universal screens readers[1], they are not only disrespecting the disabled community, but they are actively excluding them from their business (a place of public accommodation), which in fact segregates the disabled into being non-participants, ie: second-class citizens.

4.      In a world where there are an increasing number of low vision and blind individuals whose population is expected to double by 2050, it is essential that low vision and blind individuals are not excluded from society and segregated in area of web commerce.

5.      This case arises out the fact that Defendant Burger King Corporation has operated its business in a manner and way that completely excludes individuals with disabilities who are visually impaired from enjoying and accessing the Defendant's websites which are: www.bk.com and www.bkdelivers.com.

6.      Defendant Burger King Corporation (also referenced as "Defendant") owns and operates places of public accommodation which are fast food chain of restaurants under the brand name "Burger King." Burger King fast food restaurants offer for sale to the general public burgers, hot dogs, salads and veggies, beverages, and sides

---

[1] A "screen reader" is a software application that enables people with severe visual impairments to use a computer. Screen readers work closely with the computer's Operating System (OS) to provide information about icons, menus, dialogue boxes, files and folders.

such as French fries, chicken nuggets, and onion rings. Heretofore, referenced as "Burger King food."

7.     The Defendant offers an adjunct website www.bk.com which is directly connected to its Burger King fast food restaurants since the website provides a site locator to the Defendant's Burger King physical fast food restaurants (places of public accommodation). Thus, the www.bk.com websites has a true nexus to the Defendant's Burger King fast food restaurants.

8.     Within the Defendant's www.bk.com website, there is a hyperlink termed "BK Delivers" which when accessed redirects the user to a second website called www.bkdelivers.com. This second website is directly connected to the Defendant's online food ordering service for delivery from certain select[2] Burger King fast food restaurants. Thus, the www.bkdelivers.com websites has a true nexus to the Defendant's Burger King restaurants.

9.     This is an action to put an end to civil rights violations created by Defendant Burger King Corporation against individuals with disabilities who are visually impaired and who cannot access and comprehend the internet and the websites that operate therein without the aid of assistive technology.

## JURISDICTION & VENUE

10.     This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. §§12181-12189 ("ADA"), 28 U.S.C. § 1331, and 28 C.F.R. § 36.201.

---

[2] There are four "BK delivers" restaurants within the state of Florida and within this district

11.     This is also an action for declaratory and injunctive relief to prevent discrimination which includes equal access to internet website for services to view online Burger King's food menu as well as the nutritional and allergen information, and to order online Burger King food for fast pick up and/or for home delivery.

12.     Venue in this Court is proper pursuant to 28 U.S.C. §1391(b) because the Defendant resides in this District, the Defendant transacts business in this District through both www.bk.com and www.bkdelivers.com websites, and the acts constituting the violation of the ADA occurred in this District.

13.     Plaintiff seeks declaratory and injunctive relief pursuant to 28 U.S.C. §§s 2201 and 2202.

## THE PARTIES

### Juan Carlos Gil

14.     Plaintiff Juan Carlos Gil (also referenced as "Plaintiff") is a resident of the state of Florida and resides within the Southern judicial district, is *sui juris*, is disabled as defined by the ADA and the Rehabilitation Act.

15.     Plaintiff suffers from what constitutes a "qualified disability" under the ADA.  Plaintiff Juan Carlos Gil suffers from cerebral palsy and optic nerve damage; as such, he is legally blind. Plaintiff Juan Carlos Gil is substantially limited in performing one or more major life activities as he cannot accurately visualize his world and is confined to a wheelchair for mobility. The Plaintiff's disability is defined in 42 U.S.C. §12012 (1)(A) and in 42 U.S.C. 3602, §802(h).

### Burger King Corporation

16.     Defendant Burger King Corporation (also referenced as Defendant) is the owner and operator of a chain of fast food restaurants under the brand name "Burger King."

17.     Defendant Burger King Corporation is a subsidiary of Burger King Holdings, Inc. which is a worldwide company operating and franchising fast food restaurants under the Burger King brand. The Burger King brand was formed in 1954 and since that time, the Defendant has since been well established and profitable company in the fast food restaurant industry.  Defendant Burger King Corporation is an American global chain of fast food restaurants famous for its Whopper sandwich. Burger King Corporation is based in Miami, Florida.

18.     Defendant Burger King Corporation is authorized to conduct, and is conducting, business within the State of Florida and within the jurisdiction of this court.

<u>**FACTS**</u>

19.     The Defendant is defined as a "public accommodation" because it is an entity which owns, operates, and franchises a chain of fast food restaurants under the brand name "Burger King," each of which is a "Place of Public Accommodation" which is defined as "[A] a restaurant, bar, or other establishment serving food or drink," 42 U.S.C. §12181(7)(B) and 28 C.F.R. §36.104. (2). Each of the Defendant's Burger King fast food restaurants are a place of public accommodation subject to the requirements of Title III of the ADA and its implementing regulation; 42 U.S.C. §12182, §12181(7)(B) and 28 C.F.R. Part 36. The Defendant's Burger King fast food restaurants are also referenced throughout as "place(s) of public accommodation," "Burger King restaurants."

20.     The Defendant's website www.bk.com offered to provide the general public information including but not limited to information on the various locations of the Defendant's Burger King restaurants throughout the United States and within the state of Florida.

21.     The Defendant owns and/or operates over nine hundred Burger King restaurants throughout the United States and over six thousand franchised restaurants in the U.S. and Canada. The Defendant's website www.bk.com services the various Burger King locations represented by its physical fast food restaurants.

22.     Since the Defendant's www.bk.com  website allows the general public the ability to locate one of the many Burger King restaurant locations, the website is an extension of the physical Burger King fast food restaurants.   Additionally through this website, the general public can purchase and manage Burger King Gift Cards.  Therefore, the website has a direct nexus between the website and the Defendant's owned and franchised Burger King restaurants, hence the website is also characterized as a place of public accommodation; 42 U.S.C. § 12181(7)(B).

23.     The Defendant's www.bk.com  and www.bkdelivers.com websites  allow the general public to view food/menu nutrition information on all of the food items served at Burger King restaurants.

24.     Through the Defendant's www.bkdelivers.com website,  the general public in certain locations can order Burger King food delivered to their home for delivery.

25.     As such, the  www.bk.com  and www.bkdelivers.com websites  are categorized as sales establishments, and as such are places of public accommodation

6

pursuant to 42 U.S.C. § 12181(7)(B) and must comply with the ADA. This means www.bk.com and www.bkdelivers.com websites must not discriminate against individuals with disabilities and may not deny full and equal enjoyment of the services afforded to the general public.  As such, the Defendant has subjected itself and the websites it has created and maintained, to the Americans with Disabilities Act ("ADA").[3]

26.     Plaintiff Juan Carlos Gil is a customer of the Defendant's Burger King restaurants.   He is also interested in purchasing Burger King food and having the food delivered to his home as offered through Burger King's website www.bkdelivers.com, which service is available to him due to his proximity to the participating Burger King located at the participating www.bkdelivers.com Burger King restaurant at 10701 SW 8th Street, Miami, Florida.

27.     The opportunity to preview Burger King's food menu selection and nutritional information, locate Burger King's restaurants, and order food online for delivery from his home, are all important accommodations that the Plaintiff enjoys, because traveling outside the home as a blind individual is a difficult and frightening experience.

28.     Plaintiff Juan Carlos Gil frequently utilizes the internet. In order to comprehend   information available on the internet and access/comprehend websites, Plaintiff Juan Carlos Gil uses commercially available screen reader software to interface with the various websites.

_____

[3] "The Department of Justice has long taken the position that both State and local government Websites and the websites of private entities that are public accommodations are covered by the ADA. In other words, the websites of entities covered by both Title II and Title III of the statute are required by law to ensure that their sites are fully accessible to individuals with disabilities." ( See: Statement of Eve Hill Senior Counselor to the Assistant Attorney General for the Civil Rights Department of Justice  - Before the Senate Committee on Health, Education, Labor & Pensions United States Senate – Concerning The Promise of Accessible Technology: Challenges and Opportunities – Presented on February 7, 2012.

29.     In order to comprehend the Defendant's website and to become informed of the Defendant's Burger King brand merchandise (which other members of the general public may order online), Plaintiff Juan Carlos Gil must use screen reader software.

30.     Buying and ordering food online and having the good delivered to one's home is a highly sought after accommodation that helps improve the lives of vision impaired people such as the Plaintiff (and thousands of others like him), and helps them integrate and participate in society.

31.     Like most of us, Plaintiff Juan Carlos Gil accesses several websites at a time to compare foods and prices. When shopping online, Plaintiff Juan Carlos Gil may look at several dozen websites to menu styles, prices, and locations.

32.     Plaintiff Juan Carlos Gil is a customer of Burger King restaurants. During the month of June 2016, the Plaintiff attempted on several occasions to utilize the Defendant's website www.bk.com to browse through the food/menu selection to educate himself as to the Burger King food nutritional information.

33.     In addition, because the Defendant offers Burger King food delivery from a Burger King fast food restaurant close to the Plaintiff's home (the Burger King location at 1701 SW 8th Street Miami Florida 33135),   the Plaintiff went online to www.bkdelivers.com to order Burger King food delivered to his home.

34.     The Plaintiff utilizes JAWS Screen Reader software (hereinafter referenced as "screen reader software"), which is the most popular screen reader software utilized worldwide as it allows individuals who are visually impaired to comprehend information available on the internet and access websites.

35.     However, the Defendant's www.bk.com and www.bkdelivers.com websites did not integrate with Plaintiff's screen reader software, nor was there any function within Defendant's website to permit access for visually impaired through other means.

36.     Plaintiff Juan Carlos Gil attempted to locate any ***Accessibility Notice*** or any information relating to the websites' future accessibility plans or information regarding contacting the Defendant to alert the Defendant to the inaccessibility of its websites www.bk.com and www.bkdelivers.com, but was unable to do so, because no such link or notice was provided[4].

37.     The fact that Plaintiff Juan Carlos Gil could not interface with the Defendant's www.bk.com and www.bkdelivers.com websites left him feeling as if another door had been slammed in his face, as he is/was unable to participate in the shopping experience online at the www.bk.com and www.bkdelivers.com websites as experienced by the general public, 26 years after the Title III of the ADA was enacted and which promised to remove such barriers.

38.     Plaintiff Juan Carlos Gil continues to desire to patronize the Defendant's www.bk.com and www.bkdelivers.com websites, but is unable to do so as he is unable to utilize the Defendant's websites, thus he will continue to suffer irreparable injury from the Defendant's intentional acts, omissions, policies, and practices set forth herein unless enjoined by this Court.

---

[4] Other online retailers have taken steps  to notice and inform disabled users of their website programming plans and have direct email / toll free numbers to enable contact with the retailer e.g.
http://www.starbucks.com/about-us/company-information/online-policies/web-accessibility
http://www.tiffany.com/Service/Accessibility.aspx?isMenu=1&
http://www.potbelly.com/Company/Accessibility.aspx

39.     The Defendant's www.bk.com and www.bkdelivers.com websites did not (and do not) offer an adequate system to permit a disabled person with a visual impairment (who requires screen reader software) to comprehend its websites in an effective manner.

40.     The Defendant's websites are\were not designed and programmed to interface with commercially available screen reader software for disabled individuals who are visually impaired in the same manner as the websites as offered to the general public.

41.     The Defendant's websites are\were so poorly functional for visually impaired individuals who require screen reader software, that any utilization of the websites contain barriers that prevent full and equal use (of the website) by individuals with disabilities who are visually impaired.

42.     On information and belief, the Defendant has not initiated a Web Accessibility Policy to insure full and equal use of the Burger King websites by individuals with disabilities.

43.     On information and belief, the Defendant has not instituted a Web Accessibility Committee to insure full and equal use of its websites by individuals with disabilities.

44.     On information and belief, the Defendant has not designated an employee as a Web Accessibility Coordinator to insure full and equal use of its websites by individuals with disabilities.

45.     On information and belief, the Defendant has not instituted a Web Accessibility User Accessibility Testing Group to insure full and equal use of its websites by individuals with disabilities.

46.     On information and belief, the Defendant has not instituted a User Accessibility Testing Group to insure full and equal use of its websites by individuals with disabilities.

47.     On information and belief, the Defendant has not instituted a Bug Fix Priority Policy.

48.      On information and belief, the Defendant has not instituted an Automated Web Accessibility Testing program.

49.     On information and belief, the Defendant has not created and instituted a Specialized Customer Assistance line, nor service, or email contact mode for customer assistance for the visually impaired.

50.     On information and belief, the Defendant has not created and instituted on its website a page for individuals with disabilities, nor displayed a link and information hotline, nor created an information portal explaining when and how the Defendant will have its websites, Applications, and Digital Assets accessible to the visually impaired community.

51.     On information and belief, the Defendant's websites do not meet the Web Content Accessibility Guidelines ("WCAG") 2.0 Basic Level of web accessibility[5].

52.     On information and belief, the Defendant does not have a Web Accessibility Policy.

---

[5] developed by the Web Accessibility Initiative (WAI) working group of the World Wide Web Consortium which defined how to make Web content more accessible to people with disabilities (W3C)

53.     Thus, the Defendant has not provided full and equal enjoyment of the services, facilities, privileges, advantages and accommodations provided by and through its websites www.bk.com and www.bkdelivers.com.

54.     On information and belief, the Defendant has not disclosed to the public any intended changes, audits, or involved lawsuits to correct the inaccessibility of their websites vis-a-vis disabled individuals who are visually impaired who want the safety and privacy of purchasing products online from their homes like other Americans.

55.     Under the ADA, all places of public accommodation must ensure that the disabled individuals enjoy full and equal enjoyment of its goods and services by making reasonable modifications to its services and sales policies and procedures.

56.     Public Accommodations that use the Internet for communications regarding their programs, goods or services, must offer those communications through adequate accessible means as well.

57.     For many individuals with disabilities who are limited in their ability to travel outside their home, the internet is one of the few available means of access to the goods and services in our society with safety and in dealing with terms of their disability.

58.     The broad mandate of the ADA to provide an equal opportunity for individuals with disabilities to participate in and benefit from all aspects of American civic and economic life. That mandate extends to internet websites, such as the Defendant's www.bk.com and www.bkdelivers.com websites, where they have a direct connection.

59.     On information and belief, the Defendant is aware of these common access barriers within its websites which prevent individuals with disabilities who are

12

visually impaired from the means to comprehend its websites to become informed of (among other things) Burger King food available in its various Burger King restaurant locations www.bk.com, and for select locations, online ordering and delivery of Burger King food (www.bkdelivers.com).

60.     On information and belief, the Defendant is aware of need to provide full access to all visitors of the Websites.[6]

61.     Such barriers result in discriminatory and unequal treatment of individuals with disabilities who are visually impaired.

62.     Such barriers result in punishment and isolation of blind and low vision from the rest of society.

63.     Thus, the Defendant has refused to make its websites accessible to individuals with disabilities who are visually impaired.

64.     According to Statistic Brain Research Institute[7], in 2014, online sales in the United States exceeded $304 Billion U.S. Dollars. On average, 87% of Americans that have browsed online stores and have made an internet purchase, while 57% of Americans that have browsed online stores have made a purchase multiple times.

65.     According to the National Federation for the Blind[8], there are 6,670,300 Americans with visual disabilities.

66.     The National Federation for the Blind has also reported that there are over half a million people with visual disabilities living within the state of Florida.

---

[6] Major Retailing Trade Magazines have been publishing articles to alert retailer of the need to update their websites in light of current legal trends and cases e.g (www.internetretailer.com/2016/04/01/web-accessibility-what-e-retailers-need-know) (www.retailingtoday.com/article/lawsuit-highlights-importance-ada-compliance)
[7] US Commerce Department, Forrester Research date: October 9, 2014, See http://www.statisticbrain.com/total-online-sales/
[8] Statistics for 2012, see http://www.NFB.org/blindness-statistics

67.     The Defendant has failed to provide any mechanism by which to adequately serve visually impaired individuals such as the Plaintiff. The Defendant is operating in violation of Plaintiff Juan Carlos Gil's rights as protected by the ADA and is entitled to injunctive relief. 42 U.S.C. §12188.

68.     Plaintiff Juan Carlos Gil has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit for declaratory judgment and injunctive relief is their only means to secure adequate redress from the Defendant's unlawful and discriminatory practices.

69.     Plaintiff Juan Carlos Gil  and others will continue to suffer irreparable injury from Defendant's intentional acts, policies, and practices set forth herein unless enjoined by the court.

70.     Notice to the Defendants is not required as a result of the Defendant's failure to cure the violations. Enforcement of the Plaintiff's rights is right and just pursuant to 28 U.S.C. §§s 2201, 2202.

71.     The Plaintiff has retained the law offices of Scott R. Dinin, P.A. and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred.

### COUNT I – VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

72.     Plaintiff Juan Carlos Gil re-alleges and incorporates by reference the allegations set forth in ¶¶s 1-71 above.

73.     The Department of Justice has long taken the position that both State and local government websites and the websites of private entities that are public accommodations are covered by the ADA. In other words, the websites of entities

covered by both Title II and Title III of the statute are required by law to ensure that their sites are fully accessible to individuals with disabilities[9].

74.     As a result of the inaccessibility of the Defendant's websites and by the barriers to access in its websites (when removal of those barriers is readily achievable), the Defendant has denied individuals with disabilities who are visually impaired full and equal enjoyment of the information and services that the Defendant has made available to the general public on its websites www.bk.com and www.bkdelivers.com, in derogation of 42 U.S.C. §12101 et. seq., and as prohibited by 42 U.S.C. §12182 et. seq.

75.     Pursuant to 42 U.S.C. §12181(7)(B), www.bk.com and www.bkdelivers.com (the Defendant's websites) are *places of public accommodation* under the ADA because they serve to augment the Defendant's chain of  Burger King restaurants by providing the general public information on the various locations of the Defendant's chain of Burger King restaurants and educate the general public as to the line of Burger King food and, with respect to www.bkdelivers.com, also to provide the general public with the ability to order Burger King food for delivery for certain Burger King restaurant locations.

76.     As such, the Defendant's website must be in compliance with the ADA. However, the Defendant's websites are\were not in compliance with the ADA.  Plaintiff Juan Carlos Gil has suffered an injury in fact because of the websites' (and Defendant's) non-compliance with the ADA.

---

[9] See: Statement of Eve Hill Senior Counselor to the Assistant Attorney General for the Civil Rights Department of Justice  - Before the Senate Committee on Health, Education, Labor & Pensions United States Senate – Concerning The Promise of Accessible Technology: Challenges and Opportunities – Presented on February 7, 2012.

**Website Non-Compliance:**

77.     Types of website programming errors include (but are not limited to) *Programming Error Types* ("PETs"), which are easily identifiable and correctable, and *Programing Alert Error Types* ("PATs"), which are prone to making the website inaccessible.

78.     A sampling review of just part of the Defendant's websites revealed that the websites are not functional for users who are visually impaired.  The Defendant's websites contain several types of PETs (easily identifiable and correctable), which occur throughout the websites such as:

    1) The language of the document is not identified,
    2) Image alternative text is not present, and
    3) A form control does not have a corresponding label.

79.     Further, the Defendant's websites contains various types of PATs (prone to making the website inaccessible), which occur throughout the websites, such as:

    1) Alternative text is likely insufficient or contains extraneous information,
    2) An event handler is present that may not be accessible,
    3) A heading level is skipped,
    4) Flash content is present,
    5) Adjacent links go to the same URL,
    6) A link contains no text, and
    7) Alternative text is likely insufficient or contains extraneous information.

80.     More violations may be present on other pages of the websites, and they will be determined and proven through the discovery process.

**PDF Non-Compliance:**

81.     The Defendant's websites contains one or more links to a PDF attachment. The PDF attachment's flat surface does not contain accessible coding. The PDF

document does not include a text-based format (or equivalent). The Defendant has not added 'alt[10]' tags or long descriptions for the PDF within its websites. The PDF attachment has not been provided in HTML or with a text equivalent, and is not a webpage[11], therefore, it is inaccessible to the visually impaired.

**<u>Website and PDF Non-Compliance:</u>**

82.     Further, the Defendant's websites do not (and did not, at the time of the Plaintiff's attempt to use the websites) include the universal symbol for the disabled[12] which would permit disabled individuals to access the websites' accessibility information and accessibility facts.

83.     Therefore, due to the Plaintiff's disability and the Defendant's failure to have its websites adequately accessible to individuals with visual impairments, the Plaintiff was unable to comprehend the Defendant's websites.

84.     The Defendant has violated the ADA (and continues to violate the ADA) by denying access to www.bk.com and www.bkdelivers.com to individuals with disabilities who are visually impaired and who require the assistance of interface with screen reader software to comprehend and access internet websites.  These violations within the www.bk.com and www.bkdelivers.com websites are ongoing.

85.     As a result of the Defendant's inadequate development and administration of www.bk.com and www.bkdelivers.com, Plaintiff Juan Carlos Gil  is entitled to

---

[10] 'alt' refers to 'alternative text'

[11] (which is an internet document usually in HTML)

[12] , or HTML "Accessibility" link for those individuals who are visually impaired

injunctive relief pursuant to 42 U.S.C. §12133 to remedy the discrimination.

86.    Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff Juan Carlos Gil injunctive relief; including an order to:

    a) Require Defendant Burger King Corporation to adopt and implement a web accessibility policy to make publically available and directly link from the homepage of www.bk.com and www.bkdelivers.com to a statement as to Burger King Corporation's policy to ensure persons with disabilities have full and equal enjoyment of the services, facilities, privileges, advantages, and accommodations through its websites, and

    b) Require Defendant Burger King Corporation to cease and desist discriminatory practices and if necessary to cease and desist operations of the websites known as www.bk.com and www.bkdelivers.com until the requisite modifications are made such that its websites become equally accessible to persons with disabilities.

87.    Plaintiff Juan Carlos Gil has been obligated to retain the undersigned counsel for the filing and prosecution of this action.  Plaintiff Juan Carlos Gil is entitled to have reasonable attorneys' fees, costs and expenses paid by Defendant Burger King Corporation.

WHEREFORE, Plaintiff Juan Carlos Gil hereby demands judgment against Defendant Burger King Corporation and request the following injunctive and declaratory relief:

    a)    The Court to declare the Terms of Service ("TOS") as delineated on the websites   www.bk.com and www.bkdelivers.com null and void and

rescinded and not applicable to the Plaintiff, due to the inaccessibility of the websites for visually impaired individuals such as the Plaintiff who have no means to comprehend said Terms of Service;

b)    The Court to declare that the privacy rights of the Plaintiff have been violated by the unwarranted and unauthorized software and analytics that have been placed on Plaintiff's computer without his consent;

c)    The Court issue a declaratory judgment that Defendant Burger King Corporation has violated the Plaintiff's rights as guaranteed by the ADA;

d)    The Court enter an Order granting temporary, preliminary and permanent injunction prohibiting Defendant Burger King Corporation from operating its websites www.bk.com and www.bkdelivvers.com without adequate accommodation for the visually impaired community;

e)    The Court enter an Order requiring Defendant Burger King Corporation to update websites to remove barriers in order that individuals with visual disabilities can access the websites to the full extent required by the Title III of the ADA;

f)    The Court enter an Order requiring Defendant Burger King Corporation to clearly display the universal disabled logo[13] within its websites, wherein the logo would lead to a page which would state Burger King Corporation's accessibility information, facts, policies, and accommodations.  Such a clear display of the disabled logo is to insure

---



13

that individuals who are disabled are aware of the availability of the accessible features of websites www.bk.com and www.bkdelivers.com;

g)    The Court enter an order requiring Defendant Burger King Corporation to provide ongoing support for web accessibility by implementing a website accessibility coordinator, a website application accessibility policy, and providing for website accessibility feedback to insure compliance thereto.

h)    The Court enter an Order directing Defendant Burger King Corporation to evaluate its policies, practices and procedures toward persons with disabilities, for such reasonable time so as to allow the Defendant to undertake and complete corrective procedures to the websites known as www.bk.com and www.bkdelivers.com.

i)    The Court enter an Order directing Defendant Burger King Corporation to establish a policy of web accessibility and accessibility features for the website known as www.bk.com and www.bkdelivers.com.

j)    The Court award reasonable attorney's fees, compensatory damages, all costs (including, but not limited to court costs and any expert fees), and other expenses of suit, to the Plaintiff; and

k)    That the Court award such other and further relief as it deems necessary, just and proper.

Dated this 15th day of August, 2016.

Respectfully submitted,

_s/Scott Dinin_
Scott R. Dinin, Esq.
Scott R. Dinin, P.A.
4200 NW 7th Avenue
Miami, Florida 33127
Tel: (786) 431-1333
inbox@dininlaw.com
*Counsel for Plaintiff*

20